■ In the Matter of MILDRED KRIEGER, Respondent, v JAMES A. KRAUSKOPF, as Commissioner of the New York City Department of Social Services, Respondent, and CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Commissioner of Social Services, dated September 13, 1983, and made after a statutory fair hearing, which failed to direct the local agency to reimburse the petitioner for medical

expenses incurred and paid by the petitioner, a Medicaid enrollee, during the three-month period immediately preceding the filing of her accepted Medicaid application, the New York State Commissioner of Social Services (hereinafter the State Commissioner) appeals from a judgment of the Supreme Court, Kings County (Bellard, J.), dated October 12, 1984, which annulled the determination denying reimbursement and directed the New York City Commissioner of Social Services to reimburse the petitioner for those expenses.

Judgment affirmed, with costs.

After a statutory fair hearing was conducted on the issue of the petitioner's eligibility to receive Medicaid benefits, the State Commissioner determined that the petitioner could receive Medicaid reimbursement in any month in which her medical expenses exceeded her surplus income of $19.80. The petitioner commenced this proceeding, challenging, *inter alia,* the Commissioner's determination as to the period for which she was entitled to Medicaid reimbursement. Thereafter, all but one issue raised in the petition with respect to the petitioner's Medicaid coverage were settled by a stipulation among the petitioner and the city and State Commissioners of Social Services. The remaining issue is whether the petitioner is entitled to reimbursement for medical services covered by Medicaid received and paid for by the petitioner during the three-month period preceding the submission of her Medicaid application. Special Term held that the petitioner was entitled to reimbursement and, in that respect, annulled the State Commissioner's determination. We agree, and, accordingly, affirm the judgment entered upon Special Term's decision.

The pertinent Federal statutes and Federal and State regulations provide for reimbursement to Medicaid enrollees for those covered medical expenses incurred and paid for during the three-month preapplication period *(see,* 42 USC § 1396a [a] [34]; 42 CFR 435.914; 18 NYCRR 360.16 [c]). The State Commissioner contends on appeal that the petitioner may not be directly reimbursed for the payments she made during the three-month preapplication period, and that payments may only be made to providers of the services rendered. We reject this contention.

42 USC § 1396a (a) (10) (B) provides that medical assistance provided to one individual under the Medicaid program shall not be less in amount, duration or scope than the assistance provided to any other individual enrolled in the program. This provision specifically applies to the petitioner *(see,* 42 USC § 1396a [a] [10] [A] [ii]; § 1396d [a] [iii]). Federal statute and

regulation further provide that a State may make payments under the Medicaid program to service providers or to individuals if the State plan so provides (see, 42 USC § 1396a [a] [32]; 42 CFR 447.10 [d]; 447.25). New York's Social Services Law § 367-a (1) permits payment only to service providers "except as otherwise permitted or required by applicable federal and state provisions, including the regulations of the department [of Social Services]". The New York regulations in turn permit payment to various providers, and to individuals when there has been an error made by the Department of Social Services prompting an individual's Medicaid application to be rejected and that individual is later enrolled in the Medicaid program (see, 18 NYCRR 360.17 [a] [4]).

We have previously stated that a Medicaid applicant should not be denied reimbursement simply because Social Services Law § 367-a is a vendor statute (see, Matter of Lustig v Blum, 80 AD2d 558, 559). In addition, we have required the Department of Social Services to reimburse individuals for Medicaid-covered services which they received and paid for directly when the delay in granting the individuals' Medicaid applications was excessive (see, Matter of Lustig v Blum, supra; Matter of Cole v Wyman, 40 AD2d 1033; see also, Matter of Lawrence v Lavine, 50 AD2d 734).

By parity of reasoning, we perceive of no legally valid basis for denying the petitioner direct reimbursement in the instant matter. Support for this conclusion may be found in the requirements of 42 USC § 1396a (a) (10) (B) and 18 NYCRR 360.16 (c) that equal benefits be made available to Medicaid applicants and that such benefits be made available to applicants in the three-month preapplication period. To hold otherwise would lead to the creation of two classes of Medicaid recipients, one of which would receive fewer benefits solely because the members of the class paid their medical bills promptly, and the other which would receive greater benefits by way of reimbursement to the providers of medical services because the members of the class did not pay their medical bills promptly.

The State Commissioner relies upon a letter from the Department of Health and Human Services, dated April 16, 1981, which states that individuals who have received and paid for Medicaid-covered medical services during the three-month preapplication period may not be reimbursed directly. Such reliance is misplaced. Promulgation of a substantive rule must be accomplished in a manner consistent with the provisions of the Administrative Procedure Act (5 USC § 553). A

substantive rule had been defined as one affecting individual rights and obligations and having the force and effect of law *(see, Chrysler Corp. v Brown,* 441 US 281, 301-302). The April 16, 1981 letter and the Medical Assistance Manual upon which it is based state a substantive rule as the provision affects individual rights and obligations of those who have paid for Medicaid-covered services during the three-month preapplication period. Moreover, if given effect, the rule would bind the State with respect to repayment of those services. Yet the record fails to demonstrate that the procedures required by the Administrative Procedure Act for the promulgation of rules have been followed *(see,* 5 USC § 553; *see also, Chrysler Corp. v Brown, supra,* p 303). Therefore, the alleged rule contained in the letter is of no force and effect *(see, Buschmann v Schweiker,* 676 F2d 352, 355-356; *Carter v Blum,* 493 F Supp 368, 372).

Nor was the alleged rule published in the Federal Register as required by 5 USC § 552 (a) (1) (D). The failure to do so precludes the unpublished rule from being enforced unless the person against whom enforcement is sought to be effected has had actual and timely notice of the terms of the unpublished rule *(see,* 5 USC § 552 [a] [1]; *Morton v Ruiz,* 415 US 199, 233). The record at bar does not show that petitioner had actual and timely notice of the provision contained in the letter. Thus, she may not be adversely affected thereby.

Finally, we hold that the petitioner's claim presents a justiciable issue for this court's determination. Whether administrative action violates applicable statutes and regulations is a question within the traditional competence of the courts to decide *(see, Matter of Dental Socy. v Carey,* 61 NY2d 330, 335). Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.