In the Matter of HOSPITAL ASSOCIATION OF NEW YORK STATE et al., Respondents, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants.

Third Department, February 14, 1991

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Clifford A. Royael* and *Peter G. Crary* of counsel), for appellants.

*Segal, Sherrin & Glasel (Jeffrey J. Sherrin* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH, JR., J.

Hospitals provide two forms of care: acute, which includes all medically necessary hospital services, and alternate level (hereinafter ALC), which involves furnishing posthospital extended care to patients no longer in need of acute care. ALC patients generally are those who remain in the hospital until alternative arrangements for extended care, such as placement in a nursing home, are made. Effective January 1, 1988, the statutory reimbursement rate for Medicaid patients requiring acute care services changed from a per diem to a per case basis (Public Health Law § 2807-c [3]). The reimbursement rate for ALC patients remained per diem, but of significance in this lawsuit, because facilities had been receiving reimbursement for ALC patients at the full in-patient rate, is that the reimbursement amount was reduced (Public Health Law § 2807-c [4] [h]). For straddle patients, those admitted to a general hospital prior to January 1, 1988 and discharged thereafter, the Legislature provided that reimbursement "[should] be at the rate of payment for such general hospital for such patient in effect for December [31, 1987]" (Public Health Law § 2807-c [11] [a]). The straddling provision does not indicate whether it covers just acute care patients or both acute care and ALC patients.

During the first six months after the statute became operative, respondents reimbursed hospitals for all straddle cases at the 1987 rate. Thereafter, the Comptroller's office notified respondent Commissioner of Health that it was of the opinion

that Public Health Law § 2807-c (11) (a) did not encompass ALC straddle patients and, accordingly, hospitals should have been reimbursed for the care these patients received after December 31, 1987 at the lower 1988 rate. The Commissioner of Health along with respondent Commissioner of Social Services agreed and beginning in July 1988 began retroactive rate adjustments and recoupment of the overpayments, estimated at $37.8 million. Petitioners, nonprofit corporations providing hospital-related services and their association, commenced this CPLR article 78 proceeding seeking a declaration that respondents' interpretation and application of the straddling provision was unlawful, arbitrary, capricious and an abuse of discretion. Supreme Court granted the petition, concluding that respondents had acted illegally in retroactively readjusting the Medicaid rate and in recouping the alleged overpayments from petitioners. Respondents have appealed; we affirm.

It is settled that an agency's interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness (see, Matter of Howard v Wyman, 28 NY2d 434, 438). In this case, however, respondents' "reinterpretation" of Public Health Law § 2807-c (11) (a) does not meet this standard.

Before respondents implemented their new interpretation, the Department of Health requested interpretative assistance from three members of the Legislature. All three, Senator Tarky Lombardi, Jr., Assemblyman James R. Tallon, Jr. and Assemblyman Richard N. Gottfried, indicated that the issue of whether ALC patients would be covered under the straddling provision was not specifically considered during negotiations preceding the statute's enactment. It was suggested, however, that subdivision (a) was enacted to address the administrative confusion expected to be generated by the transition in acute care situations to a new payment system. Respondents urge that because the ALC payment basis was not changed—the reimbursement rate was simply lowered—the Legislature must not have intended the straddling provision to apply to ALC patients. They correctly note that Public Health Law § 2807-c (4) (h), which delineates the reduced reimbursement rate for ALC services provided after January 1, 1988, contains no exception for patients hospitalized before that date. But the straddling provision unequivocally declares that it is to govern "[n]otwithstanding any inconsistent provision of this chapter or any other law to the contrary" (Public Health Law § 2807-c

[11] [a]). Thus, to the extent that the two subdivisions of the statute are inconsistent, the Legislature explicitly indicated that Public Health Law § 2807-c (11) (a) controls.

Relevantly, the straddling provision further reads that: "payment for inpatient hospital services provided on or after January [1, 1988] to a patient admitted *to a general hospital* prior to January [1, 1988] *otherwise eligible for payment on a case based payment per discharge basis for a diagnosis-related group* shall be at the rate of payment for such *general hospital* for such patient in effect for December [31, 1987]" (Public Health Law § 2807-c [11] [a] [emphasis supplied]). Respondents construe the language "otherwise eligible for payment on a case based payment per discharge basis for a diagnosis-related group" as modifying the term patient rather than hospital. They then conclude that because hospitals are to receive reimbursement on a per case basis for acute care patients but not for ALC patients, the straddling provision by its very terms applies only to the former. We disagree; generally, a proviso limits the clause or terms immediately preceding it (McKinney's Cons Laws of NY, Book 1, Statutes § 212). Here, the immediately preceding phrase is "a general hospital", which is modified because not all hospitals are eligible to receive reimbursement on a per case basis *(see, e.g.,* Public Health Law § 2807-c [4] [e], [f], [g]).

The statute itself is tellingly silent regarding the types of care to which it applies; this fact, that it contains no exception, creates a strong presumption that none was intended (McKinney's Cons Laws of NY, Book 1, Statutes § 213; *cf., Pajak v Pajak,* 56 NY2d 394, 397). Had the Legislature wished to exclude ALC straddle patients, appropriately worded legislation would have been drafted* *(see, Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 346; *cf., Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 209). In any event, exceptions should be the product of legislative action, not administrative or judicial construction (McKinney's Cons Laws of NY, Book 1, Statutes § 114). As an agency may not extend the meaning of statutory language to exclude situations embraced by the statute *(cf., Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 595), respondents' interpretation of the straddling provision is unlawful, arbitrary and capricious.

---

* In fact, the Department of Health submitted a proposed amendment to the statute which pointedly excluded ALC services; the amendment was apparently never adopted.

This disposition makes it unnecessary to reach petitioners' remaining contentions.

MAHONEY, P. J., WEISS, CREW III and HARVEY, JJ., concur.

Judgment affirmed, without costs.