OPINION OF THE COURT
Bruce McM. Wright, J.
This action, which is a combined declaratory judgment action and article 78 proceeding, challenges certain aspects of the Medicaid program administered by the New York State Department of Social Services (DSS) and the New York City Department of Social Services/Human Resources Administra *500 tian (HRA). The action is brought by plaintiff-petitioner (hereinafter referred to as plaintiff) Estelle Seittelman in her capacity as the administrator of the estate of Ida Zichlinsky, on behalf of herself and all others similarly situated. Plaintiff Marguerite Holohan intervened in this action in August 1992.
Proposed plaintiff-intervenors Leah Silverman and Nancy Levanoni, as attorney-in-fact for Sadye Bass, seek to intervene into this action on behalf of themselves and all others similarly situated.
Plaintiffs seek, inter alla, a declaration that 18 NYCRR 360-7.5 (a) (5), which regulates reimbursement to Medicaid recipients of medical expenses incurred prior to the time of application for Medicaid (three-month preapplication period) is irrational, and violative of Federal and State law, as well as the Court of Appeals decision Matter of Krieger v Krauskopf (70 NY2d 637, affg 121 AD2d 448).
Plaintiffs have moved for an order permitting Silverman and Levanoni to intervene in this action, individually and as representative class plaintiffs, and allowing plaintiffs to serve a proposed intervenor class action complaint and petition dated August 26, 1992, in lieu of the previously served amended class action complaint. Plaintiffs also seek an order pursuant to CPLR article 9, converting this action to a class action and certifying the plaintiff class to be defined as follows: "All New York City recipients of Medical Assistance or their representatives who, on or after December 16, 1988, incurred out of pocket expenses for medical and other health care services of a type generally covered by Medicaid yet received from providers who are non-Medicaid enrollees during the three month period prior to the month of applying for Medical Assistance and whose application for reimbursement of such expenses was, will be or would have been denied on the basis that such care was provided by non-Medicaid enrollees.”
Plaintiffs have also moved for partial summary judgment. They seek a declaratory judgment that 18 NYCRR 360-7.5 (a) (5) is void to the extent that it limits reimbursement for expenses incurred during the three-month preapplication period, to those services which were provided by Medicaid enrollees. In connection with their request for a judgment declaring that 18 NYCRR 360-7.5 (a) (5) is void, plaintiffs seek related relief which would implement such a declaration.
Defendant New York State Department of Social Services *501 has opposed plaintiffs’ motion for class certification and partial summary judgment and has cross-moved for an order granting it summary judgment dismissing the complaint. Defendant New York City Human Resources Administration has joined in the State defendant’s opposition to class certification, and cross motion for summary judgment. However, HRA has stated that it takes no position on the rationality or legality of 18 NYCRR 360-7.5 (a) (5).
PROCEDURAL ISSUES
Initially, the court notes that by order dated July 29, 1992, plaintiff Holohan was permitted to intervene in this action; the proposed complaint dated June 5, 1992 was deemed to have been served on all parties; and defendants were directed to answer the complaint within 20 days after service of a copy of the order with notice of entry.
Yet, DSS has not based its cross motion for summary judgment on the most recent June 5, 1992 complaint. Instead, DSS’s motion is based on the May 5, 1992 amended complaint (served prior to the time that Holohan intervened) and DSS’s answer to the May 5th complaint dated July 15,1992.
Further, neither defendant DSS’s answer nor defendant HRA’s answer to the June 5, 1992 complaint have been included in the bulk of papers submitted to the court in support of these motions. If there is any mention of defendant DSS’s answer to the June 5, 1992 complaint it has escaped the court, and the only reference to the HRA’s answer to that complaint is in plaintiffs’ counsel’s affirmation in support of the motion for summary judgment, where it is stated that HRA served its answer to the complaint on or around August 3, 1992.
Thus, plaintiffs move for partial summary judgment based upon the June 5, 1992 complaint and/or the proposed class action intervenor complaint dated August 26, 1992. Defendant DSS cross-moves for summary judgment based upon the complaint dated May 5, 1992, and its answer to that complaint. Despite this procedural morass, the motions shall be entertained to the extent that the issues raised in the various pleadings are the same. Each of plaintiff’s pleadings have alleged that 18 NYCRR 360-7.5 (a) (5) is void, and that defendants fail to apprise applicants and recipients of their right to apply for reimbursement. Those allegations are addressed by DSS in its July 15, 1992 answer to the May 5, 1992 *502 complaint. Thus, these issues shall be addressed at this juncture.
THE MEDICAID PROGRAM
The Medicaid program is a joint Federal-State program which furnishes medical assistance to individuals “whose income and resources are insufficient to meet the costs of necessary medical expenses” (42 USC § 1396). Federal law requires that a State plan for medical assistance provide for “the establishment or designation of a single State agency to administer or to supervise the administration of the plan” (42 USC § 1396a [a] [5]). In New York, the Department of Social Services has been designated to act as the single State agency to supervise the administration of the Medicaid plan. (Social Services Law § 363-a [1].) In New York City, HRA administers the Medicaid program subject to supervision by DSS. (Social Services Law §§ 56, 77, 365 [1].)
Social Services Law § 363-a (2) provides that DSS "shall make such regulations, not inconsistent with law, as may be necessary to implement [the Medicaid plan]”. One such regulation promulgated by DSS, specifically, 18 NYCRR 360-7.5 (a) (5), is the subject of a challenge by plaintiffs here. That regulation pertains to reimbursement for medical expenses incurred during the three-month period prior to application for Medicaid and ending with receipt of a Medicaid card.
REIMBURSEMENT FOR MEDICAL EXPENSES INCURRED DURING THE THREE-MONTH PREAPPLICATION PERIOD
18 NYCRR 360-7.5, which is entitled "[M]ethod of payment for medical care” provides, in pertinent part, as follows:
"(a) Payment for medical care provided under the MA [Medical Assistance or Medicaid] program will be made to the person or institution supplying the care. However, payment for services or care may be made, at the MA rate or fee in effect at the time such services or care were provided, to the following * * *
"(5) a recipient or his/her representative for paid medical bills for medical expenses incurred during the period beginning three months prior to the month of application for MA and ending with the recipient’s receipt of his/her MA identification card, provided that the recipient was eligible in the *503 month in which the medical care and services were received and that the medical care and services were furnished by a provider enrolled in the MA program” (emphasis supplied).
It is the limitation that is set forth in the above italicized language which plaintiffs challenge here. Plaintiffs argue, inter alla, that the intent of Congress with respect to Medicaid coverage is clearly frustrated by 18 NYCRR 360-7.5 (a) (5), in that limiting reimbursement for only those services rendered by a Medicaid-enrolled provider arbitrarily penalizes eligible claimants who obtained medical care from a non-Medicaid-enrolled provider before they had any reason to seek out Medicaid providers or had any reason to familiarize themselves with Medicaid regulations. Plaintiffs assert that the regulation promulgated by DSS violates Federal statutory law and that the regulation is irrational because one of the purposes of the Federal Medicaid law is to provide for reimbursement for out-of-pocket expenses during a retroactive eligibility period.
Plaintiffs also maintain that the regulation, promulgated after the Court of Appeals decision in Matter of Krieger v Krauskopf (70 NY2d 637, cert denied 484 US 1019), is inconsistent with the reasoning and intent of Krieger (supra) and effectively eviscerates the Krieger decision. In Krieger (70 NY2d 637, affg 121 AD2d 448), the Court of Appeals affirmed a ruling by the Appellate Division that there was no legally valid basis for DSS’s position that an eligible individual cannot be directly reimbursed for medical payments made during the three-month preapplication period, but that payments could only be made to providers of the services rendered. The Appellate Division based this conclusion on 42 USC § 1396a (a) (10) (B) as well as DSS’s own regulation (18 NYCRR 360.16 [c]), which provide "that equal benefits be made available to * * * applicants in the three-month preapplication period”. (Matter of Krieger v Krauskopf, 121 AD2d, at 450.)
Defendant DSS maintains that the challenged regulation is valid and reasonable in that it is designed to avoid fraud and waste in the Medicaid program. Defendant argues that a provider who is enrolled in the Medicaid program agrees to subject itself to DSS regulations governing recordkeeping, audits, unacceptable practices, etc., and that the regulation helps ensure that Medicaid payments are made only to providers who comply with the Medicaid program. Thus, argues DSS, public policy supports the challenged regulation.
*504 Defendant also contends that the regulation does not violate Federal Medicaid statutes and regulations. DSS points out that Federal provisions do not specifically require a participating State to reimburse for services provided by a non-Medicaid provider during the retroactive three-month preapplication period.
Defendant DSS also maintains that the regulation is consistent with the Krieger decision (supra), in that Krieger does not address the issue of reimbursement for services provided by a non-Medicaid provider, but merely requires that Medicaid recipients who pay their medical bills be treated the same as recipients who did not pay their bills.
Upon careful consideration of the competing arguments this court concludes that 18 NYCRR 360-7.5 (a) (5) is irrational and inconsistent with Federal law to the extent that it limits reimbursement for medical services provided during the retroactive three-month preapplication period to services rendered by a Medicaid-enrolled provider.
"It is [well] settled that an agency’s interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness (see, Matter of Howard v Wyman, 28 NY2d 434, 438).” (Matter of Hospital Assn. v Axelrod, 165 AD2d 152, 154.) However, with respect to 18 NYCRR 360-7.5 (a) (5), DSS has not met that standard of rationality or reasonableness.
42 USC § 1396a, which is entitled "State plans for medical assistance”, provides, in pertinent part, that each State plan must: "provide that in the case of any individual who has been determined to be eligible for medical assistance under the plan, such assistance will be made available to him for care and services included under the plan and furnished in or after the third month before the month in which he made application * * * for such assistance if such individual was * * * eligible for such assistance at the time such care and services were furnished.” (42 USC § 1396a [a] [34].) This Federal statute does not restrict payment to services rendered by a Medicaid provider, but only limits payment for care and services included in the plan. The implementing Federal regulation (42 CFR 435.914) specifies that the State agency must "make eligibility for Medicaid effective no later than the third month before the month of application if the individual [Received Medicaid services, at any time during that period, of a type covered under the plan” (emphasis supplied). Thus, the *505 intent of 42 USC § 1396a is elucidated in the corresponding regulation: there is to be retroactive eligibility for individuals who would have been eligible during the three-month preapplication period, and who received Medicaid services of a type covered under the plan. The limiting language in the regulation refers only to the type of services, not to whether the provider was enrolled in the Medicaid plan.
DSS’s regulation contains a restriction upon reimbursement that does not exist in 42 USC § 1396a, 42 CFR 435.914, or in any other Medicaid statute or regulation. DSS has added a limitation to reimbursement for preapplication services that conflicts with the broader scope of the Federal statute and regulation. Since participation in the Medicaid program requires that a State conform to Federal statutory and regulatory provisions, such a limitation on a Federal standard is improper (see, e.g., Matter of Dental Socy. v Carey, 61 NY2d 330, 335; Matter of Dumbleton v Reed, 40 NY2d 586, 587). In fact, New York State’s Social Services Law requires DSS to make such regulations as may be necessary to implement the Medicaid plan, which regulations are not to be "inconsistent with law”. (Social Services Law § 363-a [2].)
The court rejects the notion that the limitation contained in 18 NYCRR 360-7.5 (a) (5) is consistent with Federal law. As was stated by the Court of Appeals in Matter of Jones v Berman (37 NY2d 42) regarding a different State regulation: "Significantly, the regulation adds a requirement that does not exist either under State or Federal law. Administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute [citations omitted]. We conclude, therefore, that by adding a requirement not found in the existing State statute, the regulation as presently written is invalid” (37 NY2d 42, 53). And, in Matter of Hospital Assn. v Axelrod (165 AD2d 152, supra), the Third Department made the following ruling with respect to the interpretation of a Medicaid reimbursement statute: "The statute itself is tellingly silent regarding the types of care to which it applies; this fact, that it contains no exception, creates a strong presumption that none was intended (McKinney’s Cons Laws of NY, Book 1, Statutes § 213; cf., Pajak v Pajak, 56 NY2d 394, 397). Had the Legislature wished to exclude [certain patients], appropriately worded legislation would have been drafted [citations omitted]. In any event, exceptions should be the product of legislative action, not administrative or judicial *506 construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 114). As an agency may not extend the meaning of statutory language to exclude situations embraced by the statute (cf., Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 595), respondents’ interpretation of the [statute] is unlawful, arbitrary and capricious” (165 AD2d, at 155 [emphasis supplied]).
Here, as in Matter of Hospital Assn. v Axelrod (supra) and Matter of Jones v Berman (supra), DSS has created a regulatory exception that does not exist in the Federal scheme and is out of harmony with the statute. In fact, in a 1988 memorandum from the United States Department of Health and Human Services’ Acting Director, Bureau of Eligibility, Reimbursement and Coverage, to a Regional Medicaid Administrator in Atlanta, Georgia, the issue of reimbursement for services rendered by a non-Medicaid-enrolled provider was directly addressed:
"Question: Must the provider have been a Medicaid provider?
"Answer: The provider need not be a Medicaid provider because the recipient either was awaiting a Medicaid eligibility determination or had not applied for Medicaid (for example, during the three-month retroactive period).”
Further, the court agrees with plaintiffs that restricting reimbursement for preapplication expenses to those services rendered only by Medicaid providers is irrational. Individuals who have not yet applied for Medicaid have no reason to know that a critical distinction is made between Medicaid-enrolled providers and non-Medicaid-enrolled providers with respect to entitlement to reimbursement. In fact, such individuals may not even be aware that there is a Medicaid program, and that some providers are enrolled in the program. Importantly, the legislative history of 42 USC § 1396a (a) (34) reveals that Congress was particularly concerned with covering the cost of medical care for the period prior to application for Medicaid, "thereby protecting persons who are eligible for medicaid but do not apply for assistance until after they have received care, either because they did not know about the medicaid eligibility requirements, or because the sudden nature of their illness prevented their applying.” (1972 US Code Cong & Admin News 4989, 5099.)
The purpose of Medicaid is to assist individuals "whose income and resources are insufficient to meet the costs of *507 necessary medical services”. (42 USC § 1396.) It doesn’t make sense to penalize eligible individuals for obtaining necessary medical services from a non-Medicaid-enrolled provider, where the individuals had no reason at the point of preapplication to seek out the services of an enrolled provider.
And, although DSS expresses the laudatory goal of preventing fraud and waste in the Medicaid program, such a goal is not accomplished by denying reimbursement to eligible individuals who cannot afford the necessary medical services that they have received. Reimbursement is provided after the fact. The services have already been rendered, the money already paid to the nonenrolled provider. DSS’s goals are simply not promoted by this regulation. On the other hand, the regulation serves to unfairly minimize the benefits of the Medicaid plan for many needy individuals.
In view of the foregoing analysis, this court need not address the extent, if any, that 18 NYCRR 360-7.5 (a) (5) conflicts with the Court of Appeals decision in Matter of Krieger v Krauskopf (supra). Suffice to say that this court, like the Court in Krieger, fails to perceive any legally valid basis for the distinctions made by DSS regarding preapplication reimbursement for necessary medical expenses.
Based upon the foregoing, plaintiffs’ motion for partial summary judgment declaring 18 NYCRR 360-7.5 (a) (5) void to the extent that it does not allow reimbursement for services rendered by a non-Medicaid-enrolled provider is granted.
DEFENDANT’S CROSS MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFFS’ CAUSE OF ACTION OF FAILURE TO NOTIFY
Plaintiffs allege that defendant fails to apprise Medicaid applicants and recipients of their right to apply for reimbursement, and that this violates Federal and State law and regulations as well as the Due Process Clauses of the State and Federal Constitutions. Defendant, citing a pamphlet issued by them, language contained in the Medicaid application, and an administrative directive, seek summary judgment on this issue. Defendant HRA has submitted an affirmation which states that HRA joins DSS to the extent of requesting judgment on the notice issue, and refers the court to the motion papers submitted by DSS. However, the DSS submission actu *508 ally supports summary judgment in favor of plaintiffs on the issue of notice.
42 CFR 431.18, which is entitled "Availability of agency program manuals” sets forth the requirements for facilitating access to Medicaid rules and policies by individuals outside the State Medicaid agency. That regulation states, in pertinent part:
"(c) Availability in agency offices. (1) The agency must maintain, in all its offices, copies of its current rules and policies that affect the public, including those that govern eligibility, provision of medical assistance, covered services, and recipient rights and responsibilities.
"(2) These documents must be available upon request for review, study, and reproduction by individuals during regular working hours of the agency.” (42 CFR 431.18 [c].)
42 CFR 435.905, entitled "Availability of program information”, sets forth the following requirements for the Medicaid agency:
"(a) The agency must furnish the following information in written form, and orally as appropriate, to all applicants and to all other individuals who request it:
"(1) The eligibility requirements.
"(2) Available Medicaid services.
"(3) The rights and responsibilities of applicants and recipients.
"(b) The agency must publish in quantity and make available bulletins or pamphlets that explain the rules governing eligibility and appeals in simple and understandable terms.” (42 CFR 435.905.)
As noted, defendant DSS asserts that it does apprise applicants and recipients of their right to apply for reimbursement. In support of its motion for summary judgment on this issue, DSS has submitted a copy of its pamphlet entitled "What You Should Know About Social Services Programs”. Regarding reimbursement, the pamphlet simply states: "Medical Assistance may be able to pay medical bills for care you were given during the three months before you applied for help. Remember to tell your worker if you have any paid or unpaid medical bills”. This information is inaccurate in that it doesn’t inform individuals that the reimbursement period begins three months prior to the month of application and ends upon receipt of a Medicaid card. The pamphlet only mentions the *509 three-month preapplication period. Thus, individuals are not informed that expenses for services incurred after the date of application until receipt of a Medicaid card are also reimbursable. (18 NYCRR 360-7.5 [a].)
More striking, however, is that the pamphlet does not advise applicants that reimbursement is limited to medical services rendered by a Medicaid-enrolled provider (pursuant to the regulation that is challenged in this action). Thus, a Medicaid applicant seeking to familiarize herself with the Medicaid program could read this pamphlet and still not be informed that she can only obtain reimbursement for bills paid to Medicaid-enrolled providers. In these respects, the pamphlet fails to apprise applicants and recipients of their right to apply for reimbursement, and it does not meet the requirements of 42 CFR 435.905.
Defendants also claim that the Medicaid application provides the necessary information regarding the right to reimbursement. However, the application merely lists as one of its many inquiries whether the applicant "has paid or unpaid medical bills for the three months preceding the month of the application”. This is not a statement apprising the applicant of her rights under Medicaid. It’s a question! Further, the word reimbursement does not even appear on the application. Thus, the application provides no information with respect to a right to apply for reimbursement.
The final document relied upon by defendants is Administrative Directive 88 ABM-31. That memorandum does set forth the substance of 18 NYCRR 360-7.5 (a) (5) regarding reimbursement. However, the memorandum is not provided to Medicaid applicants and recipients — it is distributed only to agency personnel! The directive states that during the eligibility interview, the local agency shall ask the applicant pertinent questions regarding medical expenses incurred during the three-month preapplication period, and inform them of the substance of 18 NYCRR 360-7.5.
Thus, the only accurate and complete information regarding reimbursement is not supplied in writing, but is ostensibly supplied orally, during an eligibility interview. Plaintiffs Seittelman and Holohan allege they have never received any such notice,- as do proposed intervenors Silverman and Levanoni. Yet, in support of its motion for summary judgment on this issue, DSS submits the affidavit of an attorney who has no personal knowledge as to whether the oral notice was given to *510 the individual plaintiffs, or whether the directive to provide the oral notice is complied with.
Based upon the foregoing, pursuant to CPLR 3212 (b), summary judgment is granted in favor of plaintiffs to the extent that the court finds that defendants failed to accurately and completely inform applicants of the reimbursement provisions of 18 NYCRR 360-7.5 (a) (5).
INTERVENTION
Proposed plaintiff-intervenors Leah Silverman and Nancy Levanoni, as attorney-in-fact for Sadye Bass, are granted permission to intervene in this action in their individual capacities, pursuant to CPLR 1013.
The individual plaintiffs’ request for an order certifying this action as a class action is addressed below.
PLAINTIFF SEITTELMAN’S INDIVIDUAL CLAIMS
Defendants’ motion for summary judgment is denied with respect to Seittelman’s individual claims. Summary judgment is granted in favor of plaintiff Seittelman (CPLR 3212 [b]) to the extent that DSS is directed to reimburse Seittelman for those expenses which were disallowed solely on the basis that the services were rendered by a non-Medicaid-enrolled provider. Further, defendant HRA is directed to comply with the fair hearing decision dated August 16, 1991, within 20 days after service of a copy of this decision.
Further, the court rejects the argument proffered by DSS that plaintiff’s claim should not be resolved in this action, but in a class action entitled Greenstein v Perales (US Dist Ct, SD NY, Loard, J., 89 Civ 1038), currently pending in the United States District Court for the Southern District of New York. The certified class in Greenstein is not challenging the reimbursement regulation that is at issue in this action.
PLAINTIFFS’ MOTION FOR AN ORDER CERTIFYING THIS ACTION AS A CLASS ACTION
Plaintiffs argue that this litigation meets the requirements for class action status as set forth in CPLR article 9. Defendants oppose the motion for class certification, principally *511 upon the ground that under the "government operations rule” and the principle of stare decisis, class certification is unnecessary.
The prerequisites to a class action are set forth in CPLR 901. Plaintiffs have demonstrated that these prerequisites are satisfied in this case. The proposed class is defined as all New York City recipients of medical assistance who, on or after December 16, 1988, incurred out-of-pocket expenses for medical and other health care services of a type covered by Medicaid, by receiving such services from non-Medicaid-enrolled providers during the three-month period prior to the month of applying for Medicaid and whose application for reimbursement of such expenses was, will be or would have been denied solely on the basis that such services were rendered by non-Medicaid-enrolled providers. It is undisputed that there are numerous individuals who fall within this class, although the specific number is not yet known. Thus, "the class is so numerous that joinder of all members * * * is impracticable”. (CPLR 901 [a] [1].)
Further, the principal questions raised in this action are the validity of 18 NYCRR 360-7.5 (a) (5) and the adequacy of the notice to applicants and recipients of the reimbursement provisions of 18 NYCRR 360-7.5 (a) (5). Thus, "there are questions of law or fact common to the class which predominate over any questions affecting only individual members”. (CPLR 901 [a] [2].) Additionally, "the claims * * * of the representative parties are typical of the claims * * * of the class”. (CPLR 901 [a] [3].)
Plaintiffs have also demonstrated that the individually named plaintiffs, represented by the Legal Aid Society and the New York Legal Assistance Group, "will fairly and adequately protect the interests of the class”. (CPLR 901 [a] [4].) Finally, the court believes that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy”. (CPLR 901 [a] [5].) For example, it would be both impracticable and inefficient for each individual who has been denied reimbursement for preapplication expenses solely on the basis that the services were rendered by a non-Medicaid-enrolled provider, to institute an action in order to obtain reimbursement, based upon this court’s determination that a portion of 18 NYCRR 360-7.5 (a) (5) is void. Further, there is a very real possibility that such individuals, many of whom are elderly or indigent, may never become aware of this determination, and may not have ready access to the courts. "Even if *512 all affected individuals could obtain judicial determinations, this would entail an unnecessary expenditure of energy and judicial resources.” (Matter of Goodwin v Gliedman, 119 Misc 2d 538, 546.)
The court is aware that class certification has been denied where governmental operations are involved, the rationale being that relief granted to an individual plaintiff will benefit others similarly situated under principles of stare decisis (see, e.g., Matter of Jones v Berman, 37 NY2d 42, 57, supra; McCain v Koch, 117 AD2d 198, 221; Jiggetts v Grinker, 148 AD2d 1, revd on other grounds 75 NY2d 411). Conversely, class certification has also been granted when governmental entities are involved (see, e.g., Tindell v Koch, 164 AD2d 689; Matter of Lamboy v Gross, 126 AD2d 265; Kuppersmith v Perales, NY County, May 11, 1987, Schackman, J., index No. 40242/86, affd 145 AD2d 1005).
Defendant DSS has submitted an affidavit which "formally articulate[s] the Department’s commitment to observe the principles of stare decisis and to follow any appropriate judicial direction, whether that direction is prospective or retroactive or both”.* However, stare decisis is a doctrine that involves adhering to a principle of law and applying it to all future cases (Black’s Law Dictionary 1261 [5th ed 1979]). The application of that principle necessarily involves future lawsuits. As this court has noted, it is impracticable and inefficient for each individual who has been adversely affected by that portion of 18 NYCRR 360-7.5 (a) (5) which this court has declared void, to institute litigation in order to obtain reimbursement. Further, unless this court grants class certification, its directives concerning entitlement to reimbursement will only apply to the individual named plaintiffs.
It is not clear to the court that the aforementioned representation made by DSS, as set forth in the McCloskey affidavit, indicates a commitment on the part of DSS to apply this court’s rulings retroactively to all those individuals who have been adversely affected by the provision of 18 NYCRR 360-7.5 (a) (5) which has now been voided, and by the failure of defendants to adequately notify individuals of their right to reimbursement. In the absence of such a commitment, the court concludes that class certification would be appropriate.
The court will adopt the approach that was taken by Hon. *513 Helen E. Freedman in Matter of Kelly v Kaladjian (found in Wise, Welfare Ruling Prohibits Limits on Rent Grants, NYLJ, July 21, 1992, at 1, col 3), where Justice Freedman was faced with similar issues regarding class certification. Plaintiffs’ request for an order certifying this action will be held in abeyance. The parties shall settle an order reflecting this decision. Defendants’ order shall include defendants’ plan for compliance with this order. The motion for class certification shall be determined after the court has reviewed defendants’ plan for implementing this decision.

 Of course, the affidavit makes it clear that DSS does not waive its right to appeal or seek injunctive relief.