■ ESTELLE SEITTELMAN, as Administratrix of the Estate of IDA ZICHLINSKY, Deceased, et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, and LEAH SILVERMAN et al., Intervenors-Respondents, v BARBARA J. SABOL, as Administrator of the New York City Human Resources Administration, et al., Appellants. [630 NYS2d 296] —Order and judgment (one paper), Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about September 22, 1993, which, *inter alia*, declared invalid 18 NYCRR 360-7.5 (a) (5) ("Regulation") to the extent that the Regulation limits New York State Medical Assistance ("Medicaid") reimbursement for expenses incurred during the period commencing on the first day of the third month prior to the month of the application for Medicaid and continuing until the time of receipt of a valid Medicaid identification card to services provided by Medicaid-enrolled providers; declared that the City and State defendants (collectively "defendants") did not provide Medicaid

applicants with accurate and complete notice of the New York State Department of Social Services' ("DSS") retroactive reimbursement policy; and directed that the defendants provide retroactive and prospective relief on a class-wide basis by means of a detailed plan set forth in the aforementioned order and judgment, unanimously modified, on the law, to provide that the Regulation is invalid only insofar as it limits Medicaid reimbursement for expenses incurred during the period commencing on the first day of the third month prior to the month of the application for Medicaid up until the time of application to services provided by Medicaid-enrolled providers; to replace, in paragraph 6, the phrase "the invalidated part of the Regulation", with the phrase "the failure to use Medicaid-enrolled providers"; to insert, in paragraph 8 (d) (3), following the word "Regulation", "and without regard to the failure to obtain services from a Medicaid-enrolled provider during the period between application and receipt of a valid Medicaid identification card"; to insert, in paragraph 18, at the end of the first sentence, "and that reimbursement for out-of-pocket payments made for covered medical care and expenses subsequent to application will only be available if obtained from a Medicaid-enrolled provider"; and to grant class certification to a class defined as all New York City Medicaid recipients whose applications for reimbursement of medical and other expenses incurred during the period commencing on the first day of the third month prior to the month of their applications for Medicaid and continuing until the time they receive their valid Medicaid identification cards were denied after December 16, 1988 based upon their failure to obtain services from Medicaid-enrolled providers, whether expressly or impliedly, and whose denials were affirmed after an administrative hearing, and otherwise affirmed, without costs.

We agree with the IAS Court that the challenged Regulation is irrational and inconsistent with Federal law to the extent that it limits reimbursement for medical services provided during the retroactive period commencing three months prior to application up until the date of application to services rendered by Medicaid-enrolled providers.

In limiting reimbursement to expenses paid only to Medicaid-enrolled providers, the Regulation has improperly added a limitation to reimbursement that does not exist in statutory and regulatory Federal Medicaid retroactive reimbursement provisions (42 USC § 1396a [a] [34]; 42 CFR 435.914), the purpose of which is to provide reimbursement to all eligible individuals for out-of-pocket expenses incurred during the ret-

roactive eligibility period (*see, Matter of Jones v Berman*, 37 NY2d 42, 53; *Matter of Hospital Assn. of N. Y. State v Axelrod*, 165 AD2d 152, 155, *lv denied* 78 NY2d 853).

Such a limitation on a Federal standard is improper, since participation in the Medicaid program requires that the State conform to Federal statutory and regulatory provisions (*Matter of Dental Socy. v Carey*, 61 NY2d 330, 335; *Matter of Dumbleton v Reed*, 40 NY2d 586, 587), and since an exception to entitlement for retroactive reimbursement may not be created where no limitation exists under Federal statutory provisions (*see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 595).

Nor does the State defendant's goal of preventing fraud and abuse in the Medicaid program justify the denial of reimbursement to eligible individuals, whose income and resources are insufficient to meet the costs of necessary medical expenses (42 USC § 1396), merely because they obtained necessary medical services from a non-Medicaid-enrolled provider. Prior to the time of application, prospective recipients have no way of knowing that such a requirement is in effect and, therefore, no opportunity to limit their choice of medical providers to participants. The Regulation "may not be applied with a literal rigidity that would effectively deny to eligible persons intended medical assistance" (*Matter of Kaminsky v Brezenoff*, 77 AD2d 550, 551; *see also, Matter of Krieger v Krauskopf*, 121 AD2d 448, *affd* 70 NY2d 637, *cert denied sub nom. Perales v Krieger*, 484 US 1019).

Although in its decision preceding issuance of the within order (158 Misc 2d 498, 503), the IAS Court indicated its intention to invalidate the Regulation only insofar as it limited reimbursement for payments made by an applicant prior to application, the order on appeal unjustifiably also invalidates the Regulation insofar as it limits reimbursement for payments made by the applicant after application and until actual receipt of the Medicaid card. We find that this extension is not warranted, since, at the time of application, an applicant may be notified of the requirement that services be obtained from participating providers. Although up to now such notice has not been provided, if it were, the applicant would thereafter be aware that reimbursement depended on limiting oneself to participating providers, and it would therefore be neither irrational nor in conflict with Federal law to impose such a limitation. Since defendants may therefore cure any defects in the way the rule is applied to post-application reimbursement by providing adequate notice at the time of application, there

is no reason to invalidate the rule itself insofar as it applies to this type of reimbursement, and we therefore reverse to the extent that the IAS Court did so.

While it is not necessary to invalidate the Regulation insofar as it deals with the period after application, we find that the IAS Court properly determined that defendants in fact failed to provide timely and adequate written notice to Medicaid applicants and recipients, as specifically required by 42 CFR 435.905, of the scope of and limitations on their right to reimbursement for paid medical expenses incurred during their retroactive eligibility periods, including the period between application and receipt of Medicaid card. The informational pamphlet distributed to applicants by DSS did not advise applicants that reimbursement is available for covered medical expenses incurred after application and up until receipt of a valid Medicaid identification card or that such reimbursement is limited to medical services rendered by Medicaid-enrolled providers. Since applicants were not properly notified in writing of their right to reimbursement for services obtained during the period between application and receipt of their Medicaid card and, even assuming they were aware that they were so entitled, were not informed of the Regulation limiting reimbursement to payments for services from enrolled providers, they may not be denied reimbursement based solely on this requirement.

Plaintiffs' motion for class-wide relief was also properly granted, plaintiffs having established that the described class met all the prerequisites for class certification, including numerosity, typicality, adequacy of representation, and predominance of common questions of law and fact (CPLR 901; *see, Weinberg v Hertz Corp.*, 116 AD2d 1, 4, *affd* 69 NY2d 979), and that the interpretation and application of the Medicaid law to the underlying controversy, concerning the legality of the challenged Regulation and violation of the plaintiffs' notice rights, would have a class-wide impact. The government operations rule does not prohibit class certification where, as here, although given full opportunity, defendants have failed to propose any other form of relief that even purports to protect the right of indigent Medicaid recipients to retroactive reimbursement of which they have been wrongfully deprived (*see, Bryant Ave. Tenants' Assn. v Koch*, 71 NY2d 856, 859). Since the order, while finding all of the criteria for class certification and granting class-wide relief, did not specifically grant class certification, we modify it to the extent of specifically granting such certification.

Nor did the IAS Court err in declining to dismiss the underlying action as against the City defendant, where, as here, the City failed to adequately raise and preserve for appellate review its objection to the City's status as a proper party (*Aronson v City of Mount Vernon*, 116 AD2d 613), and where the record reveals that the City, which is responsible for making initial eligibility determinations (18 NYCRR 360-2.2 [f]; 360-2.4) and providing information to applicants regarding the Medicaid program (42 CFR 435.905), is, in fact, a necessary and proper party whose presence would aid in implementing the relief sought (*Bryant Ave. Tenants' Assn. v Koch, supra; Felder v Foster*, 71 AD2d 71, 75, *appeal dismissed*, 49 NY2d 800). Concur—Ellerin, J. P., Rubin, Tom and Mazzarelli, JJ.