■ In the Matter of GORDON MASSAND, Respondent, v MARVA L. HAMMONS, as Administrator of New York City Human Resources Administration, et al., Appellants. [662 NYS2d 754] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered October 16, 1995, which granted petitioner's application pursuant to CPLR article 78 to annul respondents' determination that petitioner is not entitled to Medicaid reimbursement for out-of-pocket medical expenses incurred for eye surgery performed out-of-State during the three months prior to his Medicaid application, and remanded to respondents to provide such reimbursement, unanimously affirmed, with costs and disbursements.

For the same reason we invalidated that part of 18 NYCRR 360-7.5 (a) (5) which limited Medicaid reimbursement during the three-month, pre-application retroactive period to services furnished by Medicaid-enrolled providers, namely, that authorization for such a limitation could not be found in the applicable Federal statutes and regulations, and even if there were authorization, the limitation was unreasonable since prospective recipients would have no way of knowing of its existence (*Seittelman v Sabol*, 217 AD2d 523, *lv dismissed* 87 NY2d 860), we invalidate 18 NYCRR 360-3.5 insofar as it can be read to limit reimbursement during this three-month period to in-State services, subject to certain exceptions not applicable herein. We would also note that the language of the regulation, which speaks in terms of providing benefits under certain exceptional circumstances, such as a medical emergency, to

"State residents who are outside their district of residence at the time of application or after eligibility is established", does not unambiguously cover pre-application services (18 NYCRR 360-3.5). Respondents' arguments regarding the amount of reimbursement are premature. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.