■ ROSE CHALFIN, by Her Attorney-in-Fact, EDITH JAFFE, on Behalf of Herself and All Others Similarly Situated, Respondent, v BARBARA SABOL, as Administrator of the New York

City Human Resources Administration, et al., Appellants. [669 NYS2d 45] —Order and judgment (one paper), Supreme Court, New York County (Bruce McM. Wright, J.), entered May 2, 1994, which, *inter alia*, (1) declared invalid 18 NYCRR 360-7.5 (a) (5) (Regulation) to the extent that the regulation limits New York State Medical Assistance (Medicaid) reimbursement for medical expenses incurred during the period commencing on the first day of the third month prior to the month of application for Medicaid and continuing until the time of receipt of a valid Medicaid identification card to services provided by Medicaid-enrolled providers; (2) declared that the City and State respondents did not provide Medicaid applicants and recipients with accurate and complete notice of the New York State Department of Social Services' (DSS) retroactive reimbursement policy; and (3) directed the respondents to provide retroactive and prospective relief on a class-wide basis by means of a detailed plan set forth in the aforementioned order and judgment, unanimously modified, on the law, to provide as this Court did in *Seittelman v Sabol* (217 AD2d 523) that (1) the Regulation is invalid only insofar as it limits Medicaid reimbursement for expenses incurred during the period commencing on the first day of the third month prior to the month of application for Medicaid up until the time of application to services provided by Medicaid-enrolled providers; and (2) to grant class certification to a class defined as all New York City Medicaid recipients whose applications for reimbursement of medical and other expenses incurred during the period commencing on the first day of the third month prior to the month of their applications for Medicaid and continuing until the time they receive their valid Medicaid identification cards were denied after January 1, 1988 based upon their failure to obtain services from Medicaid-enrolled providers, whether expressly or impliedly, and whose denials were affirmed after an administrative hearing, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered March 8, 1994, granting petitioner's motion for partial summary judgment, unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid May 2, 1994 order and judgment.

We have previously held the contested Regulation invalid to the extent indicated (*Seittelman v Sabol, supra*) and see no reason now to depart from that holding, particularly since the arguments presented on the present appeal are, for the most part, no different from those we expressly and painstakingly rejected on the prior appeal.

Adhering to *Seittelman* in other relevant respects, we find

class-wide relief to have been appropriately granted here, "plaintiffs having established that the described class met all the prerequisites for class certification, including numerosity, typicality, adequacy of representation, and predominance of common questions of law and fact (CPLR 901; *Weinberg v Hertz Corp.*, 116 AD2d 1, 4, *affd* 69 NY2d 979), and that the interpretation and application of the Medicaid law to the underlying controversy, concerning the legality of the challenged Regulation and violation of the plaintiffs' notice rights, would have a class-wide impact" (*Seittelman v Sabol, supra,* at 526). And, once again, given respondents' continuing failure to propose their own plan for remedying the problems attributable to the invalidated portion of the Regulation (*see, supra*), we reject respondents' contention that the government operations rule prohibits class certification. Nor, in light of respondents' manifest reluctance to comply with *Seittelman*, do we find persuasive respondents' claim that class certification is unnecessary since the named class will benefit from any relief afforded to the class certified in *Seittelman*. We have considered respondents' other contentions and find them to be without merit. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.