OPINION OF THE COURT
Per Curiam.
Order entered May 1, 1991 modified only to the extent of vacating so much thereof as directed a hearing on the issue of appellant’s liability for criminal contempt; as modified, order affirmed, with $10 costs.
Order dated August 8, 1991 affirmed, without costs.
We affirm the order adjudging appellant Department of Housing Preservation and Development (DHPD) in civil contempt, substantially for the reasons stated in the decisions below. In settlement of enforcement proceedings commenced by petitioner tenants’ association, DHPD, in its capacity as manager of the subject building premises for the City, entered into a so-ordered stipulation in Housing Court providing for foundation and interior reconstruction in accordance with an enumerated work schedule. It is not seriously disputed that DHPD did not even commence, let alone substantially perform, the work required by the terms of the stipulation. In consequence, tenants’ rights in the litigation were necessarily and significantly impaired (Judiciary Law § 753 [A] [1]). Nor were the petitioners required to establish that appellant’s actions were deliberate or willful in order to sustain a finding of civil contempt (Great Neck Pennysaver v Central Nassau Publs., 65 AD2d 616). However, since a showing of willfulness is a necessary ingredient for a finding of criminal contempt (Matter of McCormick v Axelrod, 59 NY2d 574, 583; Judiciary Law § 750 [A] [3]), and since there is no view of the evidence which could support a determination beyond a reasonable doubt that appellant’s actions were willful, we vacate so much *223 of the order appealed from as directed a hearing on the issue of criminal contempt.
DHPD’s application to vacate the August 1989 stipulation, which was not made until tenants had moved for contempt and after DHPD had, in a second stipulation on November 7, 1990, agreed to expeditiously designate an engineer for the purpose of completing the structural repairs, was properly denied. DHPD argues that the settlement should be set aside because unanticipated budgetary constraints have rendered the agreed-to construction impracticable. Instead of rehabilitating the premises, appellant now proposes that the building be closed and that relocation assistance be afforded to the displaced tenants. Only where there is cause sufficient to invalidate a contract, or where public policy is affronted, will a party be relieved from the consequences of a stipulation made during litigation (1420 Concourse Corp. v Cruz, 135 AD2d 371, 372). DHPD was in possession of engineering studies and cost estimates prior to execution of the stipulation. While in retrospect it now views the bargain it made as economically improvident and an inappropriate allocation of scarce resources, these factors do not warrant vacatur — particularly where the petitioners’ status as tenants will not be preserved (1420 Concourse Corp. v Cruz, 175 AD2d 747; cf., Foote v Adams, 232 App Div 60). Indeed, it is not unfair to note that DHPD consistently opposes similar arguments of economic hardship raised by private landlords when the agency appears on behalf of petitioning tenants in enforcement or contempt proceedings (see, Eyedent v Vickers Mgt., 150 AD2d 202; Department of Hous. Preservation & Dev. v Mill Riv. Realty, 169 AD2d 665). In the end, public policy will best be served by requiring that the City, as landlord, also observe its agreements in Housing Court.