■ NEW YORK CITY COALITION TO END LEAD POISONING et al., Respondents, and HELEN WALKER et al., Intervenors-Respondents, v RUDOLPH GIULIANI, as Mayor of the City of New York, et al., Appellants. [668 NYS2d 910] —Order, Supreme Court, New York County (Louis York, J.), entered May 1, 1996, which, *inter alia*, held defendants City of New York and its Commissioner of the Department of Housing Preservation and Development (HPD) in civil and criminal contempt, certified plaintiffs as a class, required the City defendants to disseminate notice to the class and assessed attorneys' fees and costs against the City and State defendants, unanimously modified,

on the law, to vacate the criminal contempt order against the City defendants, and the class certification and assessment of attorneys' fees and costs against the State defendants, and to remand the issue of notice to the class as against the City defendants in accordance herewith, and otherwise affirmed, without costs.

Defendants City of New York and HPD were properly held in civil contempt for repeated violation of the preliminary injunction directing them to promulgate and enforce written policies and procedures for carrying out their duties under Administrative Code of the City of New York § 27-2013 (h) and related statutes to alleviate the danger of children being exposed to lead-based paint in multiple dwellings (Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 225-227; *see*, *New York City Coalition to End Lead Poisoning v Koch*, 216 AD2d 219). First, we agree with the motion court that the proposed amendments to 28 RCNY 11-01 *et seq.*, which prioritized responses to lead-based paint complaints, do not constitute compliance with the preliminary injunction in view of HPD's admission that it would not respond to priority 2 and 3 complaints. Second, while 24 RCNY 173.14 sets forth abatement standards, that regulation does not indicate when children and pregnant women should be relocated from a dwelling undergoing abatement, and, accordingly, its incorporation into HPD's proposed amendments to 28 RCNY 11-01 *et seq.* does not satisfy that portion of the preliminary injunction obligating HPD to address that relocation issue. Third, although the issue was not addressed in the preliminary injunction, the motion court properly observed that HPD had not created any time limits for conducting inspections or for issuing notices of violation. While Administrative Code § 27-2115 allows a tenant/complainant to go to court when HPD fails to issue a notice of violation within 30 days of a request, the purpose and intent of Administrative Code § 27-2013 (h) and related statutes would be defeated if section 27-2115 became the rule rather than the exception by rendering HPD's participation and duties largely superfluous. Finally, those aspects of the HPD regulations that were previously deemed sufficient were not affected by the motion court's findings of noncompliance (*see*, *New York City Coalition to End Lead Poisoning v Koch*, Sup Ct, NY County, Aug. 2, 1990, DeGrasse, J., *affd on opn below* 170 AD2d 419).

However, we reverse the finding of criminal contempt, the evidence being insufficient to prove beyond a reasonable doubt that the HPD Commissioner deliberately and willfully violated the preliminary injunction (*see*, Judiciary Law § 750 [A] [3];

see, *McCain v Dinkins, supra,* at 226; *see also, Matter of Murray,* 98 AD2d 93, 99; *Matter of Sheridan v Kennedy,* 12 AD2d 332; *Various Tenants of 446-448 W. 167th St. v New York City Dept. of Hous. Preservation & Dev.,* 153 Misc 2d 221, 222-223, *affd* 194 AD2d 311).

Plaintiffs' motion for class certification was properly granted against the City defendants, as the five prerequisites under CPLR 901, namely numerosity, commonality, typicality, adequacy of representation, and the superiority of the class action method, were demonstrated by the plaintiffs (*see, Matter of Colt Indus. Shareholder Litig.,* 77 NY2d 185, 194; *Seittelman v Sabol,* 217 AD2d 523, 526, *lv dismissed* 87 NY2d 860; *Tindell v Koch,* 164 AD2d 689, 694-695). The governmental operations rule is no bar to class certification. That rule cautions against class certification where governmental operations are involved, since any relief granted to the named plaintiffs would adequately flow to and protect others similarly situated under principles of stare decisis (*see, Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Jones v Berman,* 37 NY2d 42, 57; *Heard v Cuomo,* 142 AD2d 537, 539). There are exceptions to this rule, however, such as where the governmental entity has repeatedly failed to comply with court orders affecting the proposed class, rendering it doubtful that stare decisis will operate effectively (*see, Matter of Lamboy v Gross,* 126 AD2d 265, 273-274; *see also, Varshavsky v Perales,* 202 AD2d 155, 156); where the entity fails to propose any form of relief that purports to protect the plaintiffs (*see, Seittelman v Sabol,* 217 AD2d 523, 526, *supra*); where the plaintiffs' ability to commence individual suits is highly compromised, due to indigency or otherwise (*see, Tindell v Koch,* 164 AD2d 689, 695, *supra; Matter of Lamboy v Gross, supra; Matter of Davis v Perales,* 137 Misc 2d 649, 655 [Sup Ct, Kings County 1987]); or where the condition sought to be remedied by the plaintiffs poses some immediate threat that cannot await individual determinations (*Matter of Lamboy v Gross, supra*).

Several of these factors exist in the present case. The record amply demonstrates the City defendants' refusal to fully comply with previous court orders directing them to issue regulations in conformance with their statutory duties under the Administrative and Housing Codes. The two civil contempt orders speak volumes in this regard. Further, we agree that the nature of the plaintiff class in this case, consisting primarily of infants, some already afflicted by lead poisoning, renders

individual lawsuits highly unlikely.[1] Also, plaintiffs make a compelling case that this is a serious health hazard requiring immediate action (see, *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 641), especially considering the lengthy proceedings in this case. Lastly, the possibility of multiple lawsuits and inconsistent rulings also weighs in favor of granting class certification (*Tindell v Koch, supra,* at 695).

The granting of class certification against the State defendants, however, was improper. The causes of action against the State defendants are premised on those defendants' alleged noncompliance with Federal Medicaid laws and regulations relating to lead paint screening for Medicaid-eligible children.[2] Although plaintiffs assert that the State defendants have failed to fulfill these duties, there is no evidence that they have ignored court orders to do so, as with the City defendants. Thus, the prime reason for departing from the governmental operations rule does not apply to the State defendants. Additionally, the certified class is plainly tailored to the allegations against the City defendants, to wit, the failure to adopt and enforce adequate lead abatement regulations, and bears little relation to the failure to screen for lead poisoning. In short, nothing in the record suggests that the State defendants will not fully comply with any court rulings requiring them to fulfill their statutory duties, or that stare decisis will not operate to the benefit of subsequent petitioners. Therefore, the class certification order is reversed as to the State defendants.[3]

We modify the IAS Court's direction of notice to class to the extent of remanding to the Supreme Court for specific findings pursuant to CPLR 904 (a) and (c). CPLR 904 (a) states that in class actions primarily for injunctive or declaratory relief, "notice of the pendency of the action need not be given to the class unless the court finds that notice is necessary to protect the interests of the represented parties and that the cost of notice will not prevent the action from going forward." In its amended order, the IAS Court directed plaintiffs to submit for approval

---

**1.** The IAS Court certified a class of "all children in New York City under age seven years [*sic*] living in a multiple dwelling where a complaint of lead paint has been made which defendants have not timely and adequately inspected and abated."

**2.** This characterization is taken from the parties' briefs and our familiarity with the prior orders in this case, as the actual complaint was not included in the record on appeal.

**3.** We also reverse the award of costs and attorneys' fees against the State defendant since it was not the subject of the contempt orders (Judiciary Law §§ 750, 753), and plaintiffs were not successful in seeking class action relief against it (CPLR 909).

the text of a proposed notice to the class, including an opt-out provision, and the manner in which the notice will be disseminated. After approval, the City defendants were directed to post the notice in all multiple dwellings in New York City, all City owned multiple dwellings and various City agencies and medical facilities.

Given that class notice is not required in actions for injunctive relief absent a judicial finding of necessity, and taking note of the enormous undertaking that dissemination of the class notice will involve in this case, we remand for specific findings of necessity and consideration of the factors in CPLR 904 (c) (I)-(III) regarding the method of notice. It is also for the IAS Court, upon remand, to determine who shall bear the expense of such notice (CPLR 904 [d] [I]).

Motion denied insofar as modification is sought; wherein reargument is sought, the motion is granted, and, upon reargument, the prior unpublished decision and order of this Court entered on June 5, 1997 is recalled and vacated, and a new decision and order is substituted therefor. That portion of the motion seeking leave to appeal to the Court of Appeals is denied. Cross-motion seeking leave to appeal to the Court of Appeals is denied. Concur—Sullivan, J. P., Ellerin, Tom, Mazzarelli and Andrias, JJ.