■ In the Matter of RAYMOND MARZEC, on Behalf of Himself and All Others Similarly Situated, Respondent, v BARBARA A. DeBuono, as Commissioner of New York State Department of Health, et al., Appellants, et al., Respondent. [697 NYS2d 788] —Judgment affirmed with costs. Memorandum: Supreme Court properly granted the petition challenging the determination of petitioner's financial eligibility to receive medical assistance (MA) benefits under Medicaid. Petitioner does not dispute the calculations of his household size or the amount of his income and resources during the period for which his eligibility was determined (*see,* 18 NYCRR 360-4.1 [b] [1] [i], [ii]). Rather, petitioner commenced the instant proceeding to challenge the determination that the applicable regulations do not require that an amount of his income necessary to meet the needs of his dependent spouse be disregarded in calculating his net available income and resources (*see,* 18 NYCRR 360-4.6 [a] [2] [i]). The regulation at issue provides an income disregard for "MA applicants/recipients who are 65 years of age or older, certified blind or certified disabled" (18 NYCRR 360-4.6 [a] [2]). It is undisputed that petitioner is over 65 years of age and certified disabled. The disregard is to be applied to "an amount of income determined in accordance with Federal guidelines to meet the needs of dependent family members who live with the applicant/recipient and who are not certified blind or certified disabled" (18 NYCRR 360-4.6 [a] [2] [i]). It is also undisputed that petitioner's wife, who lives with petitioner, has no income of her own and is entirely dependent upon petitioner for her support. Thus, for the purpose of calculating petitioner's net income, the regulation provides an income disregard in an amount sufficient to meet the needs of petitioner's spouse. The

contrary interpretation of the Commissioners of the New York State Departments of Health and Social Services (respondent Commissioners) violates the plain language of the regulation. Under the interpretation of respondent Commissioners, the method for determining the amount of the disregard, i.e., "in accordance with Federal guidelines", deprives petitioner of the benefit of the disregard. That interpretation renders the plain language of the regulation meaningless. Thus, although the interpretation by an agency of its regulation is entitled to considerable deference, it will not be sustained where, as here, it lacks a rational basis (*cf., Matter of Richard J. A. v Wing,* 248 AD2d 971, 973).

We reject respondents' contention that the court erred in granting petitioner class action certification based upon the governmental operations rule (*see generally, Baumes v Lavine,* 38 NY2d 296). That rule does not bar class action certification "where the [petitioners'] ability to commence individual suits is highly compromised, due to indigency or otherwise" (*New York City Coalition to End Lead Poisoning v Giuliani,* 245 AD2d 49, 51; *see, Tindell v Koch,* 164 AD2d 689).

All concur except Pigott, Jr., and Scudder, JJ., who dissent and vote to reverse in the following Memorandum.

Pigott, Jr., and Scudder, JJ. (dissenting). We respectfully dissent and would reverse. In our view, the determination is not irrational, arbitrary or capricious, and should be upheld. Petitioner, who was 67 years old and disabled, applied for Medicaid after being hospitalized briefly in October 1996. His monthly income, consisting solely of Social Security benefits, was $717. Because his wife was not 65, blind or disabled and had no income of her own, the Erie County Department of Social Services (DSS) treated the household as a one-person household for eligibility purposes. Disregarding the first $20 of income pursuant to the regulations, DSS then determined that petitioner's monthly income was $697. It then compared that amount with the "medically needy income standard" for a one-person household in 1996, which was $559, and concluded that petitioner had $138 of excess income per month. DSS concluded that petitioner would be eligible for Medicaid in the months in which he spent over $138 for medical care. If petitioner's wife had also been eligible, i.e., if she were over 65, blind or disabled, petitioner and his wife would have been considered a two-person household, and their combined income would have been less than the medically needy income standard.

Petitioner does not argue that DSS erred in treating the household as a one-person household. He argues that he is

entitled to an additional income disregard for his dependent spouse, pursuant to 18 NYCRR 360-4.6 (a) (2) (i). That regulation provides that persons who are over 65, blind or disabled are entitled to a disregard for "an amount of income determined in accordance with Federal guidelines to meet the needs of dependent family members who live with the applicant/recipient and who are not certified blind or certified disabled". The Commissioners of the New York State Departments of Health and Social Services (respondent Commissioners) acknowledge that petitioner's wife is a dependent family member living with the applicant. They argue that petitioner is not entitled to an income disregard for the needs of his wife in those circumstances because her status has already been considered in determining household size for medicaid eligibility. They further note that there are no Federal guidelines that permit a disregard for the needs of a dependent spouse who is not 65, blind or disabled.

Supreme Court disagreed, concluding that respondents' interpretation is irrational. The court concluded that the regulation plainly provides for an income disregard for a dependent spouse and remitted the matter for a determination of the amount of the income disregard to which petitioner was entitled.

We would reverse. In our view, respondents' interpretation of the regulation is not irrational, arbitrary or capricious. The regulation does not provide that the applicant is entitled to an income disregard in all cases, but only in those cases where the Federal guidelines provide for one. It is clear from the regulatory scheme that the income disregard does not apply to the income of the applicant spouse, but applies to the income, if any, of the ineligible spouse that, in certain circumstances, is deemed available to the applicant. The Federal guidelines provide that certain amounts of the income of an ineligible spouse will be disregarded if there is a dependent child or alien residing in the household. Respondent Commissioners argue that that is the income disregard to which the regulation speaks and that no income disregard is appropriate here.

The interpretation of a regulation by the agency charged with the responsibility for administering the program is entitled to deference, and must be upheld unless arbitrary, capricious or irrational (*see, Seittelman v Sabol,* 91 NY2d 618, 625). The regulation states that an income disregard will be applied according to the Federal guidelines. Because there are no guidelines that apply to this situation, it is not irrational for the agency to conclude that no income disregard applies. The

Medicaid program, which is dependent upon tax dollars, provides a scheme for the reasonable allocation of those dollars. Not allowing an income disregard for the needs of a spouse who is only 58 years of age and neither blind nor disabled is not an unduly harsh result. (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—CPLR art 78.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.