[914 NYS2d 367]

KIMBERLY HURRELL-HARRING et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v STATE OF NEW YORK et al., Respondents.

Third Department, January 6, 2011

**APPEARANCES OF COUNSEL**

*Schulte, Roth & Zabel, L.L.P.*, New York City (*Kristie M. Blase* of counsel) and *Corey Stoughton, New York Civil Liberties Union Foundation*, New York City, for appellants.

*Eric T. Schneiderman, Attorney General*, Albany (*Victor Paladino* of counsel), for State of New York and another, respondents.

*Gordon J. Cuffy, County Attorney*, Syracuse (*Michael P. McCarthy* of counsel); *John W. Park, County Attorney*, Canandaigua (*Michael G. Reinhardt* of counsel); *James P. Coleman, County Attorney*, Watkins Glen (*Dennis J. Morris* of counsel); *Christine Malafi, County Attorney*, Hauppauge (*Leonard G. Kapsalis* of counsel); *FitzGerald, Morris, Baker & Firth, P.C.*, Glens Falls

(*William A. Scott* of counsel), for County of Onondaga and others, respondents.

**OPINION OF THE COURT**

PETERS, J.P.

Plaintiffs, who at the time had criminal charges pending against them in defendants Onondaga, Ontario, Schuyler, Suffolk and Washington Counties (hereinafter collectively referred to as the counties), commenced this putative class action alleging that the current system of public defense is systemically deficient and poses a grave risk that indigent criminal defendants are being or will be denied their constitutional right to counsel. They sought, among other things, a declaration that their constitutional rights and those of the class are being violated and an injunction requiring defendants to provide a system of public defense consistent with those guarantees. On a prior appeal, this Court found, by a plurality, that the complaint alleged only nonjusticiable claims of ineffective assistance of counsel and granted defendant State of New York's motion to dismiss (66 AD3d 84 [2009]). The Court of Appeals subsequently modified this Court's order and reinstated a portion of the complaint, concluding that plaintiffs stated a claim for both actual and "constructive" denial of the right to counsel under *Gideon v Wainwright* (372 US 335 [1963]) and that such systemic claims are justiciable in a collateral civil action seeking prospective relief (15 NY3d 8, 22-23 [2010]).

In the meantime, plaintiffs moved for class action certification, seeking certification of a class of

> "[a]ll indigent persons who have or will have criminal felony, misdemeanor, or lesser charges pending against them in New York state courts in Onondaga, Ontario, Schuyler, Suffolk and Washington counties who are entitled to rely on the government of New York to provide them with meaningful and effective defense counsel."

Supreme Court denied the motion, finding that plaintiffs had failed to demonstrate that they would fairly and adequately protect the interests of the entire class and that a class action was superior to other available methods for resolving the claims. Plaintiffs appeal and we reverse.

In order to obtain class action certification, a party must establish that:

> "1. the class is so numerous that joinder of all

members, whether otherwise required or permitted, is impracticable;

"2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members;

"3. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

"4. the representative parties will fairly and adequately protect the interests of the class; and

"5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR 901 [a]).

Significantly, these criteria must be liberally construed and "any error, if there is to be one, should be . . . in favor of allowing the class action" (*Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 21 [1991] [internal quotation marks and citation omitted]; *accord Lauer v New York Tel. Co.*, 231 AD2d 126, 130 [1997]; *see Liechtung v Tower Air*, 269 AD2d 363, 364 [2000]; *Friar v Vanguard Holding Corp.*, 78 AD2d 83, 91 [1980]). Furthermore, while the determination as to whether a lawsuit qualifies as a class action rests within the sound discretion of the trial court, we are vested with a corresponding power to substitute our own discretion for that of the trial court, even in the absence of an abuse of that discretion (*see City of New York v Maul*, 14 NY3d 499, 509 [2010]; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52-53 [1999]).

█ Following these principles, and guided by the Court of Appeals' articulation of plaintiffs' claim subsequent to Supreme Court's determination, we find that plaintiffs satisfied all of the prerequisites to class action certification. There can be no serious dispute that the proposed class, consisting of potentially tens of thousands of individuals, meets the numerosity requirement (*see* CPLR 901 [a] [1]). Furthermore, common questions of law and fact predominate over questions affecting only individual class members (*see* CPLR 901 [a] [2]). Significantly, the Court of Appeals dismissed the complaint to the extent that it was premised on performance based claims of ineffective assistance of counsel, thereby obviating any need to conduct individualized inquiries into the performance of the class members' individual attorneys. With only the claims of "outright" and "constructive denial" of the right to counsel at a critical stage of the criminal proceeding remaining (15 NY3d at

22-23), the "basic, unadorned question presented [in this action] is whether the State has met its obligation to provide counsel" (*id.* at 23). That is, the inquiry distills to whether, "in one or more of the five counties at issue[,] the basic constitutional mandate for the provision of counsel to indigent defendants at all critical stages is at risk of being left unmet because of systemic conditions" (*id.* at 25). It is this concrete legal issue, and the constitutional right to counsel sought to be vindicated, that is common to all members of the class and transcends any individual questions. That the class members may have suffered the deprivation of their constitutional right to counsel in varying manners—be it through outright denial of counsel during arraignment or a bail hearing, or nonrepresentation at a critical stage—does not compel a conclusion that individual issues predominate; "it is 'predominance, not identity or unanimity,' that is the linchpin of commonality" (*City of New York v Maul*, 14 NY3d at 514, quoting *Friar v Vanguard Holding Corp.*, 78 AD2d at 98; *see Fleming v Barnwell Nursing Home & Health Facilities*, 309 AD2d 1132, 1133-1134 [2003]). Likewise, "the fact that questions peculiar to each individual may remain after resolution of the common questions is not fatal to the class action" (*City of New York v Maul*, 14 NY3d at 514 [internal quotation marks and citation omitted]). Additionally, inasmuch as the named plaintiffs' claims derive from the same course of conduct that gives rise to the claims of the other class members and is based upon the same legal theory (*see Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 607 [1987]; *Friar v Vanguard Holding Corp.*, 78 AD2d at 99), the prerequisite of typicality is also satisfied (*see* CPLR 901 [a] [3]).

Moreover, plaintiffs have demonstrated that the representative parties would fairly and adequately protect the interests of the entire class (*see* CPLR 901 [a] [4]). Plaintiffs submitted evidence that class counsel is highly experienced in class action litigation and has sufficient resources available to adequately protect and represent the class (*see City of New York v Maul*, 59 AD3d 187, 190 [2009], *affd* 14 NY3d 499 [2010]; *Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 144 [2008]). Furthermore, affidavits from the named plaintiffs established that they are familiar with the litigation and understand the issues involved, and several of the representative plaintiffs also indicated that they joined in the lawsuit not in an effort to alter the outcomes of their individual cases, but in order to improve the indigent defense system. The fact that the criminal cases of

the named plaintiffs have terminated does not, in our view, suggest that they will not adequately pursue the action (*cf. United States Parole Comm'n v Geraghty*, 445 US 388, 397-400 [1980]).

Nor do we perceive a potential conflict of interest between plaintiffs and members of the proposed class. In finding otherwise, Supreme Court reasoned that plaintiffs' failure to pursue a damages claim in this action would bar class members, under principles of res judicata, from subsequently bringing individual legal malpractice claims against their criminal attorneys. However, "a class action judgment 'will as a rule bind only as to matters actually litigated and not necessarily those which merely might have been' " (*Matter of Dvelis v New York State Dept. of Social Servs.*, 146 AD2d 875, 877 [1989], *lv denied* 74 NY2d 608 [1989], quoting Siegel, NY Prac § 454, at 600; *see Eliasof v Metropolitan Life Ins. Co.*, 39 AD3d 801, 803 [2007]; *cf. Murphy v Erie County*, 28 NY2d 80, 85-86 [1971]). Here, individualized damage claims related to counsel's performance in any given criminal proceeding will not and, in light of the Court of Appeals' circumscription of plaintiffs' claim, cannot be litigated in this action. Accordingly, we fail to find the existence of any conflict of interest and conclude that plaintiffs have made a sufficient showing that the representative plaintiffs will adequately protect the interests of the class.

█ Finally, unlike Supreme Court, we find that a class action is superior to other available methods for obtaining a fair and efficient adjudication of this controversy (*see* CPLR 901 [a] [5]). Defendants urge, and Supreme Court found, that class action certification is unnecessary and unwarranted here in light of the government operations rule. "That rule cautions against class certification where governmental operations are involved, since any relief granted to the named plaintiffs would adequately flow to and protect others similarly situated under principles of stare decisis" (*New York City Coalition to End Lead Poisoning v Giuliani*, 245 AD2d 49, 51 [1997] [citations omitted]; *see Matter of Martin v Lavine*, 39 NY2d 72, 75 [1976]; *Matter of Jones v Berman*, 37 NY2d 42, 57 [1975]; *Matter of Legal Aid Socy. v New York City Police Dept.*, 274 AD2d 207, 213 [2000], *lv dismissed and denied* 95 NY2d 956 [2000]). While we find a measure of merit to the assertion that injunctive relief granted to these 20 plaintiffs—i.e., the provision of a public defense system that ensures that indigent criminal defendants receive their constitutionally guaranteed right to counsel—would protect the proposed class of indigent defendants in the coun-

ties, we perceive other compelling concerns weighing in favor of, and thus making superior, a class action for the purpose of adjudicating this dispute.

First, denial of class certification gives rise to the possibility of multiple lawsuits involving claims duplicative of those asserted in this action and inconsistent rulings by various courts in this state (*see New York City Coalition to End Lead Poisoning v Giuliani*, 245 AD2d at 52; *Tindell v Koch*, 164 AD2d 689, 695 [1991]). As noted by the Court of Appeals,

> "[w]hen a class seeks to compel certain behavior on the part of an entity, whether it be a governmental agency or a private corporation, . . . there is an interest in consolidating the action in a single forum in order to avoid the possibility of conflicting judgments from different jurisdictions which would subject the defendants to varying and possibly inconsistent obligations" (*Matter of Colt Indus. Shareholder Litig.*, 77 NY2d 185, 195 [1991]).

We also find that proceeding in the absence of class action status would subject the prosecution of this case to significant discovery challenges. Plaintiffs claim that their constitutional right to counsel, as well as that of all other indigent criminal defendants in the counties, are being systemically denied due to deficiencies in the public defense system. It follows that, in order to prove their claim, plaintiffs will be saddled with the enormous task of establishing that deprivations of counsel to indigent defendants are not simply isolated occurrences in the case of these 20 plaintiffs, but are a common or routine happenstance in the counties. Supreme Court found that plaintiffs can call current indigent defendants as nonparty witnesses and rely on the histories of their criminal proceedings in order to prove their claim, yet, without class action certification, the hurdle of ascertaining the identity of those indigent defendants and/or accessing the histories of their criminal proceedings may prove insurmountable.

Finally, and in our view not insignificantly, our research has failed to identify a single case involving claims of systemic deficiencies which seek widespread, systematic reform that has not been maintained as a class action (*see e.g. City of New York v Maul*, 14 NY3d 499 [2010], *supra*; *Brad H. v City of New York*, 276 AD2d 440 [2000], *affg* 185 Misc 2d 420 [2000]; *New York City Coalition to End Lead Poisoning v Giuliani*, 245 AD2d 49, 51 [1997], *supra*). Mindful of the liberal construction we must

give to CPLR article 9, and reiterating that any error should be resolved in favor of granting class action certification (*see Lauer v New York Tel. Co.*, 231 AD2d 126, 130 [1997], *supra*; *Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 21 [1991], *supra*), we conclude that the unique circumstances of this case render a class action superior to other methods of adjudicating this controversy.

ROSE, MALONE JR. and GARRY, JJ., concur.

Ordered that the order is reversed, on the facts, with costs, and motion granted.