Amended order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J), entered on or about May 22, 2012, which sua sponte vacated a prior order and judgment (one paper), same court and Justice, entered on or about April 26, 2012, and granted so much of plaintiffs’ motion as sought to find defendant Charles Darwish in criminal contempt for violating a March 2010 order, and directed that he be incarcerated for 14 days, unanimously reversed, on the law, without costs, the finding of criminal contempt vacated, and the matter remanded to Supreme Court for an evidentiary hearing on defendant’s alleged wilfulness in failing to comply with the prior order. Appeal from the April 26, 2012 order and judgment, unanimously dismissed, without costs.
The fact that a party does not comply with a court order does not, in and of itself, constitute criminal contempt (see e.g. Matter of Stone v Stone, 54 AD2d 858 [1st Dept 1976]; New York City Coalition to End Lead Poisoning v Giuliani, 245 AD2d 49, 50 [1st Dept 1997]). Where, as here, defendant asserts that he did not wilfully disobey the court order in that he believed, in good faith, that the order did not prohibit him from taking the challenged actions, the court must hold a hearing to determine whether the disobedience was wilful (see Usina Costa Pinto, S.A. v Sanco Sav. Co., 174 AD2d 487 [1st Dept 1991]).
Moreover, Supreme Court failed to apply the correct standard of proof when it held that Darwish’s criminal contempt had been demonstrated by “clear and convincing evidence.” “[C]riminal contempt must be proven beyond a reasonable doubt” (Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d 628, 629 [2d Dept 2012]; see New York City Coalition to End Lead Poisoning v Giuliani, 245 AD2d at 50). Concur — Tom, J.E, Andrias, Saxe, Acosta and Freedman, JJ.