■ KIMBERLY HURRELL-HARRING et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v STATE OF NEW YORK et al., Respondents, et al., Defendants. [977 NYS2d 464]—

Peters, P.J. Appeal from that part of an order of the Supreme Court (Devine, J.), entered December 14, 2012, which denied plaintiffs' motion to withdraw certain plaintiffs as named class representatives.

Plaintiffs, 20 indigent persons who were represented by assigned counsel in various criminal cases pending in Onondaga, Ontario, Schuyler, Suffolk and Washington Counties (hereinafter collectively referred to as the counties), commenced this ac-

tion in 2007 alleging that the current public defense system is systemically deficient and has functioned to deprive them and similarly situated indigent criminal defendants in the counties of their constitutional right to counsel. This litigation has been before us on three prior occasions (81 AD3d 69 [2011]; 75 AD3d 667 [2010]; 66 AD3d 84 [2009], *mod* 15 NY3d 8 [2010]).[1] When this matter was last before us, we reversed Supreme Court's denial of plaintiffs' motion for class certification and certified a class of "[a]ll indigent persons who have or will have criminal felony, misdemeanor, or lesser charges pending against them in New York state courts in [the counties] who are entitled to rely on the government of New York to provide them with meaningful and effective defense counsel" (81 AD3d at 71). At the time, the parties were in the midst of several years of discovery, and depositions of 12 of the 20 class representatives were thereafter conducted between May and September 2012.

In October 2012, plaintiffs moved to withdraw eight of the 20 class representatives as plaintiffs in this action. Plaintiffs Edward Kaminski and Ricky Lee Glover submitted affidavits stating that they were no longer able to serve in that capacity. Plaintiffs' counsel averred that Kaminski's medical condition rendered him unable to perform his duties as a class representative, and that personal circumstances interfered with Glover's ability to adequately serve as a class representative. As for the other six class representatives seeking withdrawal, counsel stated that they had failed to maintain contact with or acknowledge communications from her office in recent years, and submitted an affidavit from a paralegal documenting the diligent, albeit unsuccessful, efforts to communicate with those class representatives. Defendants State of New York and Governor Andrew Cuomo (hereinafter collectively referred to as defendants) opposed the motion, claiming that they would be prejudiced by the withdrawal of eight of the class representatives at such stage of the litigation. Supreme Court granted the motion as to Kaminski, but denied the motion as to the other seven class representative plaintiffs who sought to withdraw. Plaintiffs appeal.

Supreme Court abused its discretion in declining to permit the seven class representatives to withdraw from this action. CPLR 3217 (b) provides that an action or proceeding may be discontinued "upon order of the court and upon terms and

---

[1]. Plaintiffs have also appealed Supreme Court's December 16, 2011 order denying their motion to compel and its January 30, 2013 order partially denying their motion to renew (112 AD3d 1217 [2013] [decided therewith]).

conditions, as the court deems proper." While the decision to grant such an application is generally committed to the sound discretion of the trial court (*see Tucker v Tucker*, 55 NY2d 378, 383 [1982]), a party cannot ordinarily be compelled to litigate and, absent special circumstances—such as prejudice to a substantial right of the defendant or other improper consequences—discontinuance should be granted (*see id.* at 383-384; *Wells Fargo Bank, N.A. v Chaplin*, 107 AD3d 881, 883 [2013]; *Matter of Bianchi v Breakell*, 48 AD3d 1000, 1001-1002 [2008]; *Christenson v Gutman*, 249 AD2d 805, 806 [1998]).

Here, defendants claim that they would be prejudiced by the withdrawal of these seven class representatives because they have expended significant resources investigating the cases of the named plaintiffs in preparation for litigation, such as obtaining thousands of records relating to their criminal cases and traveling to the five counties to conduct meetings with prosecutors, indigent defense attorneys and plan administrators. Yet, defendants have failed to identify any resources that they expended for discovery that would not have otherwise been expended (*see In re Vitamins Antitrust Litigation*, 198 FRD 296, 304 [D DC 2000]). Indeed, were withdrawal permitted, there would remain at least one class representative from each of the five defendant counties, and most of the individuals that defendants allegedly interviewed possess information regarding another class member and/or the public defense system generally, which remain relevant to defendants' defense. More importantly, "[d]elay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance under CPLR 3217 (b)" (*Eugenia VI Venture Holdings, Ltd. v MapleWood Equity Partners, L.P.*, 38 AD3d 264, 265 [2007]). To the extent that defendants could show wasted effort or expense with respect to the named plaintiffs seeking withdrawal, the proper remedy would be reimbursement of costs and/or the provision of additional time to conduct discovery, not a denial of voluntary discontinuance as to those class plaintiffs (*see In re Vitamins Antitrust Litigation*, 198 FRD at 304-305).

Furthermore, there is no claim that the proposed withdrawal of the seven class representatives is based upon any illegitimate motive or for the purpose of gaining an unfair litigation advantage (*compare Tucker v Tucker*, 55 NY2d at 384-385 [denying motion for discontinuance where the plaintiff's admitted purpose was to take advantage of a newly enacted statute]; *Matter of Oneida Indian Nation of N.Y. v Pifer*, 43 AD3d 579, 580 [2007] [discontinuance was properly denied where the "evident

motive" for the request was simply to avoid the consequences of an adverse decision on the merits]; *Kaplan v Village of Ossining*, 35 AD3d 816, 817 [2006] [discontinuance was improper where the purpose was to circumvent an order of the court]; *NBN Broadcasting v Sheridan Broadcasting Networks*, 240 AD2d 319, 319 [1997] [same]). Nor does the defense of the class claims hinge on facts specific to these withdrawing class representatives, such that the absence of their individual claims would serve to prejudice defendants.[2] As the Court of Appeals noted in reinstating that portion of the complaint asserting claims of "outright" and "constructive denial" of the right to counsel at a critical stage of the criminal proceeding, the issue presented in this action distills to whether, "in one or more of the five counties at issue[,] the basic constitutional mandate for the provision of counsel to indigent defendants at all critical stages is at risk of being left unmet because of systemic conditions" (15 NY3d 8, 25 [2010]). Because a certified class acquires an existence and legal status separate from that of the named individual class representatives, the claims of the class members would not be impaired or destroyed by the failure of the named plaintiffs' individual claims (*see East Tex. Motor Freight System, Inc. v Rodriguez*, 431 US 395, 406 n 12 [1977]; *Franks v Bowman Transp. Co.*, 424 US 747, 752-757 [1976]).

Lastly, to the extent that Supreme Court found that the class representatives' status as fiduciaries to the class members militates against withdrawal, we simply cannot agree. Class representatives have a duty to adequately and vigorously represent the interests of class members (*see City of Rochester v Chiarella*, 65 NY2d 92, 100 [1985]; *Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 24-25 [1991]; *Dagnoli v Spring Val. Mobile Vil.*, 165 AD2d 859, 860 [1990]). Thus, if a class representative fails to maintain contact with class counsel or is otherwise no longer willing or able to serve in that capacity, he or she cannot fulfill the duties of a class representative and should withdraw (*see Miller v Hewlett-Packard Co.*, 2006 WL 2506434, *1, 2006 US Dist LEXIS 65724, *3 [Idaho, Aug. 25, 2006, No. CV-05-111-5-BLW]; *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, *1, 2004 US Dist LEXIS 22132, *3-4 [SD NY, Nov. 3, 2004, No. MDL 1409]). The remedy under such circumstances is not to penalize the entire class by forcing an unwilling plaintiff to remain in the litigation.

---

**2.** Plaintiffs agreed not to use or rely on any evidence related to the criminal cases of the withdrawing class members (*see Spatz v Wide World Travel Serv.*, 80 AD2d 519, 519-520 [1981]). This is certainly not to say that defendants may not introduce evidence regarding these named plaintiffs if it so chooses.

With no showing of any "special circumstances [or] . . . [p]articular prejudice to . . . defendant[s] or other improper consequences flowing from discontinuance" (*Tucker v Tucker*, 55 NY2d at 383), plaintiffs' motion to withdraw the eight class representatives should have been granted in its entirety (*see Bank of Am., N.A. v Douglas*, 110 AD3d 452, 452 [2013]; *Blackwell v Mikevin Mgt. III, LLC*, 88 AD3d 836, 837-838 [2011]; *Matter of Bianchi v Breakell*, 48 AD3d at 1001-1002).

Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion to withdraw certain plaintiffs as named class representatives; motion granted in its entirety; and, as so modified, affirmed.