Green Tree Servicing LLC v Shiow Fei Ju (2020 NY Slip Op 02307)





Green Tree Servicing LLC v Shiow Fei Ju


2020 NY Slip Op 02307


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

528865

[*1]Green Tree Servicing LLC, Respondent,
v
Shiow Fei Ju, Appellant, et al., Defendants.

Calendar Date: February 13, 2020

Before: Garry, P.J., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellant.
Woods Oviatt Gilman LLP, Rochester (Lydia M. Rainey of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered January 8, 2019 in Albany County, which granted plaintiff's motion to voluntarily discontinue the action without prejudice.
In May 2014, plaintiff commenced this mortgage foreclosure action. Defendant Shiow Fei Ju (hereinafter defendant) answered, asserted a counterclaim and served discovery demands. In April 2017, plaintiff moved to voluntarily discontinue the action without prejudice, pursuant to CPLR 3217 (b), and to cancel the notice of pendency. Defendant consented to the discontinuance on the condition that it be made "with prejudice." Over defendant's opposition, Supreme Court granted plaintiff's motion, and dismissed the action without prejudice. Defendant appeals.
Defendant contends that Supreme Court erred in granting plaintiff's motion without prejudice because plaintiff has delayed the action by failing to reply to her counterclaim and has failed to respond to discovery demands.[FN1] "CPLR 3217 (b) provides that, upon an order of the court, an action may be voluntarily discontinued upon terms and conditions, as the court deems proper. Absent a showing of special circumstances, including prejudice or other improper consequences, a motion for voluntary discontinuance is generally granted" (Christenson v Gutman, 249 AD2d 805, 806 [1998] [internal quotation marks and citation omitted]; see Tucker v Tucker, 55 NY2d 378, 383-384 [1982]).
Although this action had been pending for approximately three years at the time of the motion, the litigation itself remained in its early stages. In addition, the record confirms that defendant never sought default nor moved to compel discovery. Furthermore, the parties had not yet participated in the mandatory settlement conference (see CPLR 3408). Indeed, determination of plaintiff's motion was the first occasion where Supreme Court was called upon to intervene in this action. Although defendant alleged that she would sustain prejudice if her discovery went unanswered, Supreme Court correctly determined that there was no evidence of prejudice to defendant or other improper consequences flowing from the discontinuance, as the parties can engage in necessary discovery in a subsequent foreclosure action (see Wells Fargo Bank, N.A. v Chaplin, 107 AD3d 881, 883 [2013]; Hurrell-Harring v State of New York, 112 AD3d 1213, 1217 [2013]).
Defendant also contends that the action should not have been discontinued without prejudice because she filed a counterclaim. This argument lacks merit as defendant did not pursue default on her counterclaim within one year and, as such, the claim is deemed to have been abandoned (see CPLR 3215 [c]). Moreover, the interposition of a counterclaim in and of itself is not dispositive with respect to the discontinuance. The discontinuance must work a particular prejudice against a defendant. Here, defendant is not prejudiced, as she will be able to assert her counterclaim in a subsequent foreclosure action. Although defendant argues that "one's home is an interest that is unquantifiable," she will be able to continue to reside in the mortgaged premises pending another action and will have the same rights available to her as were in the discontinued action (see Onewest Bank, FSB v Slowek, 115 AD3d 1083, 1084 [2014]). Defendant's remaining arguments have been considered and are unpersuasive. Under these circumstances, Supreme Court properly granted plaintiff's motion to discontinue the action without prejudice.
Garry, P.J., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Even if true, "delay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance" (Eugenia VI Venture Holdings, Ltd. v MapleWood Equity Partners, L.P., 38 AD3d 264, 265 [2007]).