Matter of Gunn v Hamilton (2022 NY Slip Op 05790)

Matter of Gunn v Hamilton

2022 NY Slip Op 05790

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 309154/16 Appeal No. 16487-16488-16488A Case No. 2022-00299, 2022-00303, 2022-00551 

[*1]In the Matter of Kelly Gunn, Petitioner-Appellant,
v
Circe Hamilton, Respondent-Respondent.

Krauss Shaknes Tallentire & Messeri LLP, New York (Jordan Messeri of counsel), for appellant.
Rabin Schumann and Partners LLP, New York (Gretchen Beall Schumann of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (Frank P. Nervo, J.), entered June 28, 2021, awarding respondent interim counsel fees in the amount of $2,250,000, appellate record fees in the amount of $12,500, and travel costs in the amount of $1,213.60, and directing entry of judgment in favor of Rabin Schumann and Partners LLP in the amount of $1,661,360 and entry of judgment in favor of respondent in the amount of $577,353.60 plus $140,510.47 in prejudgment interest, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a hearing to determine reasonable counsel fees. Order, same court and Justice, entered December 23, 2021, which found petitioner in criminal contempt, imposed a fine of $2,700,458.09 and awarded respondent counsel fees in the amount of $15,000, and committed petitioner to 60 days of incarceration unless she paid the fine and fee, unanimously reversed, on the law, without costs, and the criminal contempt finding vacated. Order, same court and Justice, entered January 21, 2022, which denied and dismissed the petition to determine parenthood by equitable estoppel and severed respondent's counterclaims for costs and counsel fees, unanimously affirmed, without costs.
We reject petitioner's due process claim that she cannot be held responsible for respondent's counsel fees incurred prior to this Court's determination in Matter of Kelly G. v Circe H. (178 AD3d 533 [1st Dept 2019]). In that appeal, we determined that Domestic Relations Law § 237, in consonance with the Court of Appeals' decision in Matter of Brooke S.B. v Elizabeth A.C.C. (28 NY3d 1 [2016]), applies to parties litigating the issue of standing as a "parent" under Domestic Relations Law § 70. Since this application of the statute was a matter of first impression for this Court, petitioner argues against retroactive application of our holding because she did not have fair notice of her potential obligation to pay for respondent's accrued legal fees. However, there is no retroactive application here since, at the time of our decision in Matter of Kelly G., respondent's motion for counsel fees was being held in abeyance and had not yet been adjudicated (id. at 535; see Childs v Childs, 69 AD2d 406, 420 [2d Dept 1979]).
In any event, our decision did not establish a "new principle of law" and was sufficiently foreshadowed by the changing legal landscape with respect to the definition of "parent" under the Domestic Relations Law to permit retroactive application (see Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 192 [1982], citing Chevron Oil Co. v Huson, 404 US 97, 106-107 [1971]). Retroactive application does not hinder the purpose and effect of Domestic Relations Law § 237 as a fee-shifting statute, nor would it be inequitable since the statute only comes into play where, as here, there is a significant disparity in the parties' financial situations (id.).
However, we agree with petitioner that the motion court's framing [*2]of the counsel fee award as an "interim" order was incorrect. Given that the award was issued toward the end of litigation and covered almost all of respondent's claimed counsel fees, costs, and expenses — approximately $2.7 million — we find that the fee award was, in effect, a final order. Accordingly, petitioner, who vigorously challenged the motion, was entitled to an evidentiary hearing as to the extent and value of respondent's counsel fees (see Matter of Brookelyn M. v Christopher M., 161 AD3d 662, 663-664 [1st Dept 2018]).
Accordingly, we vacate the order and remand the matter to the motion court for an evidentiary hearing on reasonable counsel fees (see Van Dusen v Van Dusen, 13 AD3d 182, 182 [1st Dept 2004]). We further note that, on this record, the imposition of prejudgment interest and additional costs, including for appellate record fees, was not warranted.
In view of the foregoing, we must also vacate the finding of criminal contempt premised on petitioner's noncompliance with the June 28, 2021 order. Even if the order were not vacated, the procedural defects apparent in this proceeding warrant reversal. Contrary to respondent's claim that petitioner was held in civil contempt, the record makes clear that the court held a criminal contempt proceeding. Accordingly, petitioner was entitled to the same rights afforded a criminal defendant, including a right to be heard, to have her guilt proven beyond a reasonable doubt, and to meaningful representation of counsel (see Bloom v Illinois, 391 US 194 [1968]; Winter v Winter, 195 AD3d 882, 883 [2d Dept 2021]; Simens v Darwish, 100 AD3d 527, 527 [1st Dept 2012]). Petitioner did not receive the benefit of these procedural safeguards. Instead, although advised that petitioner was not represented by counsel and sought an adjournment to retain new counsel, the court proceeded to find her in criminal contempt but stayed execution of the arrest warrant for 60 days. This was not a proper adjournment and compels reversal of the order.
Based on the circumstances of this contentious and highly litigated case, commenced in 2016, the court properly issued an order denying the petition to determine parenthood by equitable estoppel on the merits to bring definitive closure to this matter in the best interest of the child. Since petitioner has been adjudicated a non-parent, the only remaining issue is respondent's motion for counsel fees and costs to be decided upon remand, and, therefore, the matter was properly severed.
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022